# UNITED STATES DISTRICT COURT
for the
Southern District of Iowa

| | |
|---|---|
| United States of America<br>v.<br><br>Tyler James Robeson<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  1:23-mj-00053<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 28, 2023__ in the county of __Pottawattamie__ in the __Southern__ District of __Iowa__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1), (b)(1)(C) | Distribution of a Controlled Substance Resulting in Death |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

☐ Sworn to before me and signed in my presence.

☑ Sworn to before me by telephone or other reliable electronic means.

_Complainant's signature_

Wesley Allen, SA DEA
_Printed name and title_

Date: 9/25/23

_Judge's signature_

City and state: Council Bluffs, IA via videoconference

Helen C. Adams, Chief U.S. Magistrate Judge
_Printed name and title_

FILED
By: Clerk's Office, Southern District of Iowa
3:31 pm, Sep 25 2023

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Special Agent Wesley Allen, being duly sworn, hereby depose and state that the following is true to the best of my information, knowledge, and belief:

## INTRODUCTION AND AGENT BACKROUND

1. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA), United States Department of Justice, Omaha, Nebraska. I am an investigative or law enforcement officer of the United States, within the meaning of Title 18, United States Code (U.S.C.), § 2510(7), that is an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated by statute in the United States Code. I am authorized under the Federal Rules of Criminal Procedure, Rule 41(a)(1)(C) as a Federal law enforcement officer who is engaged in enforcing the criminal laws, and is within any category of officers authorized by the Attorney General to request a search warrant.

2. I am employed as a Special Agent with the Drug Enforcement Administration (DEA) and have so been employed since December 2020. Upon being hired as a DEA Special Agent, I attended a twenty-week DEA academy in Quantico, Virginia where I received training in all aspects of narcotics investigations

3. In connection with my official DEA duties, I investigate criminal violations of federal drug laws and related offenses, including violations of Title 21, United States Code, § 801 et seq. and the Federal Controlled Substance Act. I have

1



FILED
By: Clerk's Office, Southern District of Iowa
3:31 pm, Sep 25 2023

received training, both formal and informal, in the enforcement of the drug laws, investigation of drug trafficking and money laundering organizations, drug recognition and terminology, undercover operations, interviewing techniques, and the use of electronic surveillance.

4. I have conducted investigations and/or participated in investigations related to the unlawful importation, possession with intent to distribute, and distribution of controlled substances. In conducting/participating in these investigations, I have used a variety of investigative techniques and resources, including physical and electronic surveillance and various types of informants and cooperating sources. Through my training, experience, and interaction with experienced agents, and other narcotics investigators, I have become familiar with the methods employed by narcotics traffickers in general, and large Mexico-based Drug Trafficking Organizations (DTO) in particular, to smuggle, safeguard, and distribute narcotics, and to collect and launder narcotics-related proceeds.

5. Based on my experience and training, I am familiar with the methods utilized in narcotics-trafficking operations and the trafficking patterns employed by narcotics organizations. I have also spoken with agents, as well as other law enforcement officers, about their experiences and the results of their investigations and interviews. I have become knowledgeable of the methods and modes of narcotics operations and the language and patterns of narcotics abuse and trafficking. I have become familiar with the methods of operation typically used by narcotics traffickers.

6. In my investigations, I have used a variety of investigative techniques and resources, including physical and electronic surveillance, the analysis of telephone records, and the use of various types of informants and confidential sources. I have executed various arrest and search warrants. Through these investigations, my training and experience, and my conversations with other law enforcement investigators, I have become familiar with the methods used by narcotics traffickers to smuggle and safeguard narcotics, to distribute narcotics, and to collect and launder proceeds related to the sales of narcotics. I am familiar with the methods employed by large-scale narcotics organizations in attempts to thwart detection by law enforcement including but not limited to the use of cellular telephone technology, counter surveillance techniques, false or fictitious identities and addresses, money laundering techniques, and coded and encoded communications, the use of debit calling cards, public telephones. I have received training on and collaborated with other law enforcement officers on investigations regarding the unlawful importation, possession, and distribution of controlled substances and related money laundering activities in violation of Iowa state law and federal law.

## AFFIDAVIT PURPOSE

7. This affidavit is submitted to support a criminal complaint and application for arrest warrant for and against ROBESON, Tyler.

8. Based on my training and experience and the facts set forth in this affidavit, your Affiant submits there is probable cause to believe that ROBESON violated 21 U.S.C. § 841(a)(1), distribution of a controlled substance resulting death.

9. Because this affidavit is submitted only to obtain a criminal complaint and arrest warrant, I have set forth only those facts I believe are necessary to establish probable cause for the above-mentioned offenses in paragraph eight.

10. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## INVESTIGATION

11. On July 28, 2023, at approximately 8:35 p.m., Officers with the Omaha Police Department responded to the area of 1524 Locust Street, Carter Lake, Iowa in regards to a check the well-being. Upon arrival, Officers observed a white male, later identified as Victim #1, not breathing and subsequently declared deceased by medical personnel. SA Daniel Pelster responded to the scene where he observed a cellphone and drug paraphernalia near Victim #1's body and a capped hypodermic needle in Victim #1's pocket. SA Pelster was able to access Victim #1's cellphone by predicting the passcode, "123456".

12. Upon accessing the phone, SA Pelster observed recent text messages between Victim #1 and the phone number 531-389-5900. SA Pelster observed the text messages between Victim #1 and the listed phone number were timestamped prior to events at the Casey's convenience store that are explained in paragraph 16.

Victim #1 sent a message asking for a "clean point" to phone number 531-389-5900. I am aware the term "point" is utilized by intravenous drug users to refer to a hypodermic needle. Also, in the text messages, were indications that Victim #1 sent money via the CashApp application to the person utilizing phone number 531-389-5900. In your affiant's training and experience, the conversation referenced above between Victim #1 and phone number 531-389-5900 is consistent with a drug transaction negotiation.

   13. SA Jared Dorland later queried phone number 531-389-5900 in the CashApp application and observed the phone number returned to the account of Tyler ROBESON. I know from previous investigative experience that ROBESON is a known heroin and fentanyl user and dealer to the Omaha metro area[1].

---

[1] In October of 2019, a Special Agent of the DEA, acting in an undercover capacity, purchased approximately 1.3 gross grams of suspected black-tar heroin from Tyler ROBESON in Omaha, Nebraska. During the undercover purchase, ROBESON informed the DEA agent that he (ROBESON) always had "product", i.e., illegal drugs, available for purchase. Additionally, in February of 2020, ROBESON was stopped for traffic offenses by a Deputy of the Douglas County (Nebraska) Sheriff's Office (DCSO) while driving a Buick LeSabre registered to himself and his mother, Barbara ROBESON at 16009 Taylor St., Omaha, NE 68116. During the traffic stop, ROBESON was found to be in possession of less than one gram of suspected heroin and a small scale with apparent drug residue. Lastly, investigators of DCSO were utilizing the assistance of a Confidential Source (CS) who was providing information regarding the illegal activity of ROBESON. Investigators knew the CS had previously purchased illegal substances from ROBESON, and the CS alleged to investigators that ROBESON had distributed the heroin to Benjamin JAROSE which resulted in JAROSE's death in June of 2019. The CS died of a drug overdose on or about February 11, 2020. Investigators believe illegal substance which precipitated the CS' death was supplied to the CS by ROBESON.

14. On or about July 31, 2023, SA Wesley Allen collected recorded security video from the Casey's convenience store #3509 at 1650 E. Locust Street, Carter Lake, IA 51510, where investigators believe ROBESON met with and sold the substance to Victim #1 which resulted in Victim #1's death.

15. On or about July 31, 2023, SA Dorland queried a reliable law enforcement database for vehicles registered to ROBESON. The query resulted in a Nebraska registration record for a grey 2004 Buick LeSabre sedan, assigned license plate YTJ648, registered to Tyler ROBESON and Barbara Robeson at the 16009 Taylor St., Omaha, NE 68116.

16. On August 2, 2023, investigators reviewed the above-mentioned video recording from the Casey's convenience store #3509 at 1650 E. Locust Street, Carter Lake, IA 51510. The recorded security video observed was from the day of the incident, July 28, 2023. Investigators observed Victim #1 walk to and enter a grey-colored sedan in the parking lot of the Casey's as soon as the sedan arrived in the parking lot. Victim #1 entered into the front passenger seat of the sedan. Approximately two minutes later, Victim #1 exited the sedan. Victim #1 then walked into the Casey's gas station, followed by the driver of the sedan. Victim #1 went into the Casey's bathroom. The driver of the sedan entered the Casey's store, walked to the pizza counter and then left the store without making a purchase. Investigators observed the driver was a white male wearing a backwards hat, glasses, a dark t-shirt, light-colored shorts, and boots. The unknown white male was observed to be consistent in appearance with Tyler ROBESON. ROBESON has been

observed by investigators while conducting surveillance on multiple occasions since the incident on July 28, 2023. The grey-colored sedan observed in the security video is consistent in appearance with a 2004 grey-colored Buick LaSabre. As stated in paragraph 15, ROBESON is registered, along with Barbra ROBESON, to a 2004 Buick LaSabre.

17. On August 11, 2023, the Honorable Susan M. Bazis, Magistrate Judge for the District of Nebraska, ordered the collection of precision location information (PLI) and authorized the utilization of cell-site simulator equipment from/for the cellular device bearing phone number 531-389-5900 (hereinafter referred to as the "ROBESON DEVICE").

18. On August 15, 2023, SA Dorland conducted surveillance of ROBESON with the assistance of the DEA Omaha Technical Operations Group (TOG). During surveillance, SA Dorland observed ROBESON in possession of the ROBESON DEVICE.

19. On August 18, 2023, at approximately 6:20 a.m., with the assistance of the DEA Omaha TOG and through utilization of cell-site simulator technology, SA Dorland located the ROBESON DEVICE within 16009 Taylor St., Omaha, NE 68116.

20. On or about August 30, 2023, the DEA received legal process response from Block Inc. which owns and operates CashApp. The records received indicated the CashApp account verified to be utilized/associated with Tyler ROBESON was also associated with the ROBESON DEVICE.

21. On September 8, 2023, at approximately 4:15 a.m., investigators collected trash which had been put out for collection at 16009 Taylor St., Omaha, NE 68116. Investigators evaluated the contents of the trash, during which investigators found prescription information sheets bearing the name Tyler ROBESON. Also, within the trash was a small clear zip-top bag containing approximately five smaller zip-top bags, and at least two cut straws. A field test of the smallest bags and straws yielded presumptive positive results for the presence of fentanyl and methamphetamine. In my experience, I have observed small straws utilized by drug users to inhale crushed substances through the nose to facilitate rapid absorption to the blood stream. I have also observed fentanyl distributed at the user-level in similar small zip-top baggies.

22. On September 19, 2023, Investigators received the Autopsy Pathology Report for Victim #1. The cause of death for Victim #1 was listed as fentanyl, acetylfentanyl, and acryfentanyl poisoning.

23. Based on the facts presented above and my training and experience, I believe ROBESON engaged in a distribution of a controlled substance with Victim #1 which resulted in Victim #1's death.

## **CONCLUSION**

24. Based on the aforementioned information, I submit that probable cause exists that on or about the date of July 28, 2023; in the Southern District of Iowa, the defendant, ROBESON, Tyler did distribute fentanyl, resulting in death,

in violation of Title 21 U.S.C.§ 841(a)(1).  As such, I respectfully request that the Court issue a criminal complaint and arrest warrant against ROBESON.

_____
Wesley Allen
Special Agent


Subscribed to and sworn to before me via reliable electronic means on September 25, 2023.

_____
Helen C. Adams, Chief
United States Magistrate Judge